UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) ) | |
| Clara Delois Alston, | ) ) ) ) | Case No. 06-80801-13 |
| Debtor. | ) | |

_____

**ORDER AND OPINION**
_____

      This matter came on for hearing before the court on October 5, 2006 upon the Chapter 13 Trustee's Objection to Confirmation of Debtor's Chapter 13 Plan entered on September 5, 2006. Benjamin Lovell appeared for the Chapter 13 Trustee and Sandra Pickering appeared for the Debtor Clara Delois Alston. Having considered the matters set forth in the pleadings, the evidence, and the arguments of counsel, the court finds as follows:

      Clara Delois Alston (the "Debtor") filed a voluntary petition under Title 11 of the United States Code, Chapter 13, on June 28, 2006. The Debtor's plan proposed a monthly plan payment of $50.00 for a period of 60 months. Under the proposed plan, unsecured creditors will receive an estimated dividend of one percent (1%). The Debtor's Schedule F shows unsecured debt in the amount of $80,100.00.

      On her Schedule A, the Debtor lists title ownership in a mobile home and lot located in Pittsboro, North Carolina (the "Property"). The Debtor valued the Property at $65,673.00 and the Property is encumbered by a lien in the approximate amount of $24,279.00, leaving approximately $40,944.00 in equity existing. The Chapter 13 Trustee objected to confirmation of

the Debtor's proposed plan, arguing that it does not comply with § 1325(a)(4), which requires that a Chapter 13 plan provide the liquidated value of the Debtor's estate to unsecured creditors. The Debtor contends that because she holds the Property in trust for her sister, the equity in the Property is not property of the bankruptcy estate, and her plan therefore complies with the § 1325(a)(4) liquidation test.

In her response to the Trustee's objection, the Debtor states that her sister, Ella Mae Alston Allen, purchased the Property in her own name in 1969. Ms. Allen desired to purchase a mobile home to place on the Property, but she could not qualify for a loan. Therefore, she transferred the Property to the Debtor without receiving payment and the Debtor obtained financing for and title to a mobile home, which was subsequently placed on the Property. Since then, Ms. Allen has lived in the mobile home, made all of the payments (through the Debtor), paid property taxes, and performed maintenance on the Property. However, the Debtor has retained title ownership. It is the intention of the Debtor and Ms. Allen that the Property will be reconveyed to Ms. Allen after the loan is paid in full and the lien is extinguished.

The Debtor asserts that, because she holds the Property in constructive trust for her sister, it is not part of her Chapter 13 estate. As the Trustee argued at the hearing, the Debtor actually holds the Property in resulting trust. A resulting trust is an equitable remedy designed to prevent unjust enrichment and to ensure that legal formalities do not frustrate the original intent of the parties. *Am. Hotel Mgmt. Associates, Inc. v. Jones*, 768 F.3d 562 (4th Cir. 1985) (interpreting North Carolina law). In North Carolina, the resulting trust remedy is invoked when a person uses the money of another to acquire legal title in property. *Id.* at 568. The real estate transaction between the Debtor and Ms. Allen mirrors the classic resulting trust factual scenario; therefore,

2

Ms. Allen is the beneficial owner of the Property, which is held in resulting trust for her by the Debtor.

Although the Debtor is correct that she holds the Property in trust for Ms. Allen, the Property may still be property of the Debtor's estate under section § 544(a)(3), which allows a trustee to avoid any of a debtor's obligations or transfers that would be avoidable by a bona fide purchaser for value and include such property in the debtor's bankruptcy estate. 11 U.S.C. § 544(a). Recently, the Middle District of North Carolina has held that because a Chapter 13 trustee has the status of a bona fide purchaser under § 544(a)(3) without notice of a trust, the rights of the trustee will be superior to those of a beneficiary to a resulting trust. *In re Creech*, 2006 WL 2424816, No. 05-06055, at *4 (Bankr. M.D.N.C. Aug. 22, 2006) (citing *In re Reasonover*, 236 B.R. 219, 223 (Bankr. E.D. Va. 1999). Accordingly, the Trustee here may exercise his strong arm powers under § 544(a)(3) to include the Property and its equity in the Debtor's Chapter 13 estate even though the Debtor holds this property in resulting trust for Ms. Allen.

Still, the Debtor may able to utilize any available exemptions to exclude the Property from her estate. However, the only exemption available to the Debtor for the Property, which is not her residence, is the "wildcard" exemption found in North Carolina General Statute § 1C-1601(a)(2) that provides a catch-all exemption of $5,000.00. After applying the wildcard exemption, the Debtor has $35,944.00 in non-exempt equity in the Property that must be included in her bankruptcy estate.

Theoretically, the Trustee could attempt to include the equity in the Property in the Debtor's bankruptcy estate using his powers as a hypothetical judicial lien creditor under §

3

544(a)(1). Ultimately, however, the Trustee's strong arm powers under § 544(a) are subject to North Carolina state law. *See, e.g.*, *In re Surplus Furniture Liquidators, Inc. of High Point*, 199 B.R. 136, 144 (Bankr. M.D.N.C. 1995) ("Thus, if state law upholds equitable liens and gives equitable liens priority over the hypothetical judgment lien creditor created by § 544(a)(1), then a creditor with an equitable lien may prevail over the trustee in bankruptcy despite his powers under § 544(a)(1)."). The North Carolina courts have recognized equitable liens when the parties have an agreement whereby some "particular property is charged with a specific debtor," or where the general considerations of equity and justice require imposition of an equitable lien. *Garrison v. Vermont Mills*, 154 N.C. 1, 6 (1910); *see also In re Surplus Furniture Liquidators, Inc.*, 199 B.R. at 144. Here, where Ms. Allen made mortgage payments on the Property for thirteen years and accumulated significant equity in the Property, it may be in the interest of justice and equity that Ms. Allen be deemed the holder of an equitable lien.

Thus, if the amount of the equitable lien met or exceeded the amount of equity in the Property, the liquidation test of § 1325(a)(4) could be met, the Trustee's objection could be overruled, and the Debtor's plan could be confirmed without modification. However, the court makes no findings as to the amount and validity of this lien, and the Debtor now has the opportunity to amend her Schedule D and propose an amended plan. For these reasons, the Objection of the Chapter 13 Trustee to Confirmation of the Debtor's Plan is SUSTAINED, Confirmation of the Debtor's Proposed Plan is DENIED, and the Debtor has 20 days to propose an amended plan that complies with § 1325.

## SERVICE LIST

**ALL PARTIES OF RECORD AS OF THE DATE OF THE ORDER SHALL BE SERVED BY THE BANKRUPTCY NOTICING CENTER**